UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLOTTE L. THOMAS,

       Plaintiff,                        Case No. 2:08-cv-182
                                          JUDGE GREGORY L. FROST
v.                                               Magistrate Judge Norah McCann King

COLUMBIA SUSSEX CORP., et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the Motion to Excuse and Enlarge Time for Removal (Doc. # 6) and its supporting materials (Doc. # 7) filed by Defendants, a memorandum in opposition (Doc. # 11) filed by Plaintiff, and a reply memorandum (Doc. # 14) filed by Defendants.  Also before the Court are the related Motion to Remand (Doc. # 10) filed by Plaintiff, a memorandum in opposition (Doc. # 12) filed by Defendants, and a reply memorandum (Doc. # 15) filed by Plaintiff.  For the reasons that follow, the Court **DENIES** Defendants' motion (Doc. # 6) and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion (Doc. # 10).

**I.  Background**

The Court need not and will not discuss the underlying factual allegations of this case because they are not pertinent to this decision.  What is necessary is an account of the relevant procedural background.

Plaintiff, Charlotte L. Thomas, filed her Complaint against Defendants in the Franklin County Court of Common Pleas on January 4, 2008.  (Doc. # 3.)  The record reflects that

Defendant Columbia Sussex Corporation dba Courtyard by Marriott ("Marriott") was subsequently served on January 22, 2008, that Defendant Edward Michael Baker was served on January 24, 2008, and that Defendant James Stanley Clayton was served on February 1, 2008. The parties state that Marriott therefore had to file for removal on or before February 21, 2008. On February 20, 2008, the company sent its notice of removal (with Clayton's indication on consent) by carrier.  Due to apparent mishandling by FedEx, the carrier, and oversight of counsel in confirming timely delivery, Marriott did not file its notice of removal until February 26, 2008. (Doc. #2.)  The parties agree that the notice of removal was therefore filed outside thirty days from the date of service on Marriott.

On the same day that they filed the notice of removal, Defendants Marriot and Clayton also filed a motion to excuse the belated filing and to enlarge the time for removal.  (Doc. # 6.) Plaintiff subsequently filed a motion to remand on March 7, 2008, citing as one ground the belated filing.  (Doc. #10.)  The parties have completed briefing the issues involved, and their motions are now ripe for disposition.

## II. Discussion

The statute at the heart of the parties' competing motions is 28 U.S.C. § 1446, which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  Although this removal statute is phrased in mandatory terms, Defendants Marriott and Clayton ask this Court to excuse their untimely filing and allow removal of this

action outside of the thirty-day time limitation placed on Marriott.  Defendants posit that the Court can grant their motion based on FedEX's error constituting excusable neglect, but they have cited no authority in support of this proposition.

The Court does not find Defendants' request well taken.  As a sister district court recently explained, "[w]ith very few exceptions, the federal courts have ruled that under the statute the thirty-day time limitation to file a removal notice is indeed mandatory and 'failure to comply with the . . . limitation . . . is an absolute bar regardless of whether the removal would have been proper if timely filed.' "  *May v. Johnson Controls, Inc.*, 440 F. Supp.2d 879, 881 (W.D. Tenn 2006) (quoting *Sanborn Plastics Corp. v. St. Paul Fire and Marine Ins. Co.*, 753 F. Supp. 660, 664 (N.D. Ohio 1990)).  The law places the burden on the defendant to show that removal is in compliance with the procedural requirements.  *Id.*  (citing *Groesbeck Investments, Inc. v. Smith*, 224 F. Supp.2d 1144, 1148 (E.D. Mich. 2002); *Messick v. Toyota Motor Mfg.*, 45 F. Supp.2d 578, 580 (E.D. Ky. 1999); *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983)).  This Court agrees with the *May* court's sound analysis.

Plaintiff does not consent to the late removal and in fact asks this Court to remand the case back to state court on a number of grounds, including the untimely filing.  The Court agrees with Plaintiff that the statute presents a strict deadline.  *See* 16 James W. Moore, *Moore's Federal Practice* § 107.30[3][a][i][A], at 107-187 (3d ed. 2007) (citing *May* in explaining that the "30-day period is strictly construed").  The Court also agrees that Marriott missed its deadline.

The Court notes that despite Marriott's failure, removal might have been possible under other circumstances.  In the Sixth Circuit, "a first-served defendant can consent to a later-served

3

defendant's removal petition, despite having already failed in its own efforts to remove." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999). But this is not what occurred here. The notice of removal was filed by Marriott with Clayton's consent and not filed by the last-served Clayton with Marriott's consent.

The notice of removal also potentially lacks unanimity. The Sixth Circuit has explained that "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Id.* This could be important here because, as Plaintiff notes, Defendant Baker did not join in or consent to the removal, despite his having been served on January 24, 2008. *See* Doc. # 10-2, at 5. The flawed February 26, 2008 notice of removal erroneously states that "as of the date of the filing of this Petition for Removal, Defendant Baker has not yet been served." (Doc. # 2, at 2.) Today's decision need not resolve Baker's role, whether he was fraudulently joined, and whether he matters in the removal analysis, however, given that the preceding grounds prove dispositive.

There are thus no grounds supporting the survival of the notice of removal. Having reached this conclusion, the Court finds Defendants' motion to enlarge the time for removal not well taken. (Doc. # 6.) This arguably moots the entirety of Plaintiff's motion to remand and for costs and expenses, including attorney fees. (Doc. # 10.) To the extent that Plaintiff's motion is not moot, the Court **GRANTS** the motion to remand based on the foregoing reasoning. Because this reasoning proves dispositive of the remand aspect of Plaintiff's motion, the Court need not and does not opine on Plaintiff's alternative grounds for a remand.

This leaves for disposition Plaintiff's request for costs and expenses, including attorney

fees. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Given that the convoluted removal here presented dispositive grounds prior to consideration of the merits of the removal, and given the specific circumstances of this removal and remand, the Court in its discretion **DENIES** the request for costs and expenses, including attorney fees.

### III. Conclusion

The Court **DENIES** Defendants motion for an enlargement of time (Doc. # 6) and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to remand and costs and expenses, including attorney fees (Doc. # 10). This matter is hereby **REMANDED** to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

5